## WADSWORTH v. HARRISON, Sheriff.

1. EVIDENCE: RES GESTÆ. In an action of replevin by a judgment defendant against a Sheriff to recover the possession of property taken in execution, the declarations of such defendant at the time of the levy are not admissible as a part of the *res gestæ.*

2. PRACTICE. The Supreme Court will not consider an objection to the ruling of the Court below, made for the first time in the appellate Court.

3. VERDICT AGAINST EVIDENCE. The Supreme Court will not reverse a judgment on the ground that it was rendered on a verdict which was against the law and the evidence when the record does not purport to set forth all the evidence submitted to the Court below.

*Appeal from Johnson District Court.*

MONDAY, DECEMBER 15.

REPLEVIN: The facts are sufficiently stated in the opinion of the Court.

*McKay & Bradley* for the appellant.

*Clark & Bro.* for the appellee.

LOWE, J.—This was a proceeding in replevin to recover the possession of a certain roan horse levied upon by defendant, as Sheriff, to satisfy an execution against the plaintiff, who claimed that the horse was one of a team with which he habitually earned his living—being the head of a family. The first trial in the District Court

resulted in favor of the defendant. Upon a motion therefor, a new trial was granted to the plaintiff. A second trial ended in the same way, and another motion for a new trial was overruled, and the plaintiff appealing assigns for error:

The Court erred in not allowing the plaintiff to prove his declaration made at the time of the levy as part of the *res gestæ*.

On the trial the plaintiff himself testified. His counsel offered to prove by him what he said to the Sheriff at the time the latter was making the levy. In refusing the declarations the Court committed no error. In the sense of the law of evidence his statements made under such circumstances formed no part of the *res gestæ*.

The Court erred in allowing interest upon the verdict of the jury from the time of the commencement of the action.

The answer to this is that the objection is made for the first time in this Court.

Lastly — That the Court erred in overruling the motion for a new trial. The causes relied upon were, that the verdict of the jury was against the law and evidence, and secondly, for newly discovered evidence. Whether this error is well assigned it is impossible for us to determine, as the record does not purport to disclose all the evidence that was introduced on the trial.

The judgment below must be

Affirmed.